UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL DAVID AMAYA GOMEZ, | No. 1:26-cv-03631-DC-JDP (HC) |
| Petitioner, | |
| v. | ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER |
| WARDEN GOLDEN STATE ANNEX, et al., | |
| Respondents. | (Doc. Nos. 1, 3) |

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 3) filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.)

This court has previously addressed the legal issues raised by the petition. (Doc. No. 1.) Specifically, this court has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802

1

(E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, 2026 WL 309563 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).

On May 13, 2026, the court issued an order informing the parties that it was considering ruling directly on the petition and asking both parties whether they oppose simultaneous resolution of the motion for a temporary restraining order and habeas petition. (Doc. No. 8.) The court also directed Respondents to address whether there are any factual or legal issues in this case that materially distinguish it from this court's prior orders in *Selis Tinoco*, *Labrador-Prato*, and *D.L.C.* (*Id.*)

On May 15, 2026, Respondents filed their opposition to Petitioner's motion for a temporary restraining order in which they oppose Petitioner's motion on the same legal grounds as those addressed by the court in the aforementioned cases. (Doc. No. 9.) However, Respondents factually distinguish Petitioner's claim from the aforementioned cases by emphasizing that Petitioner was detained by immigration authorities following his arrest for possession of marijuana and related offenses. (*Id.* at 1–2.) Respondents attach Petitioner's FBI RAP sheet showing that on March 20, 2026, Petitioner was arrested for possession of marijuana. (Doc. No. 9-1.) Respondents argue that it was this arrest that precipitated Petitioner's immigration detention. (Doc. No. 9 at 1–2.) Respondents further indicate that they "do not oppose the Court ruling directly on the petition." (*Id.* at 1.) Petitioner did not file a Reply, and his time to do so has expired.

Because Respondents have not made any new legal arguments or identified any legal issues in this case that would distinguish it from the court's aforementioned prior decisions, the court will grant Petitioner's motion for a temporary restraining order (Doc. No. 3) and petition for writ of habeas corpus (Doc. No. 1) for the reasons set forth in the court's order in *Altin*. However, unlike the petitioner in *Altin*, who had been arrested but not charged with any criminal offenses and who was detained by immigration authorities seven months after his release from that arrest, here, Petitioner was detained immediately following his arrest and has criminal charges pending

against him. Thus, unlike in *Altin*, Respondents have provided a non-pretextual changed circumstance that may warrant revocation of Petitioner's prior release. This court has previously found that where the government asserts a non-pretextual change in circumstance potentially warranting revocation of a non-citizen's release, the proper remedy for the government's failure to provide the petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. *See Calvillo v. Chestnut*, No. 1:26-cv-00569-DC-CSK, 2026 WL 253627 at *3 (E.D. Cal. Jan. 31, 2026) ("[W]hile the court finds that Petitioner is likely to succeed on the merits of her claim that her re-detention without a bond hearing violated her right to due process, the court will order that the proper remedy for this violation is that Petitioner receive a post-deprivation bond hearing in which Respondents must show, by clear and convincing evidence, that the alleged changed circumstances demonstrate that Petitioner is either a flight risk or threat to public safety, such that her detention is justified.").

Accordingly,

1.     Petitioner's petition for writ of habeas corpus (Doc. No. 1) and motion for a temporary restraining order (Doc. No. 3) are GRANTED as follows:

a.     Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Angel David Amaya Gomez (A-213-175-720) a bond hearing before an immigration judge at which the government shall bear the burden of proving, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that his continued immigration detention is justified; and

b.     If Respondents fail to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as his previous release;

2.     The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

/////

/////

3

3.    The Clerk of the Court is directed to enter judgment for Petitioner and close this case.


IT IS SO ORDERED.

Dated:    **June 8, 2026**

Dena Coggins
United States District Judge

4